### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY ZIERKE, JR., ) | CASE NO. 4:11CV3177 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| KOREY L. REIMAN, Reiman Law ) | |
| Firm, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on its own motion. On February 7, 2012, the court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 11.) In doing so, and pursuant to 28 U.S.C. § 1915(b)(1), the court ordered Plaintiff to pay an initial partial filing fee of $10.56 by March 6, 2012. (Id.) The court calculated this initial partial filing fee using Plaintiff's institutional trust account statement, which showed average deposits of $52.69.[1] Rather than paying the initial partial filing fee, Plaintiff filed a Motion to Reconsider. (Filing No. 12.) In his Motion, Plaintiff states that he has less than the initial partial filing fee amount in his account and he cannot pay the initial partial filing fee at this time. (Id.) He asks the court to permit him to proceed without payment of the initial partial filing fee. (Id.)

In *Wilson v. Sargent*, the Eleventh Circuit Court of Appeals discussed how a district court collects an initial partial filing fee and addressed the steps a district court should take when a prisoner fails to pay an initial partial filing fee. 313 F.3d 1315, 1320-21 (11th Cir. 2002).

---

[1] Pursuant to 28 U.S.C. § 1915(b)(1), a plaintiff must pay an initial partial filing fee in the amount of 20 percent of the **greater** of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.

> Once the district court assesses an initial partial filing fee, the inmate is liable for its payment. *See* § 1915(b)(1). If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the inmate must ensure that any available portion of that initial fee is withdrawn from his account and transmitted to the clerk of the district court. *See* Hatchet [v. Nettles], 201 F.3d [651,] 653 [(5th Cir. 2000)]. Once the entire initial partial filing fee is paid pursuant to § 1915(b)(1), the PLRA requires that the prisoner make monthly payments equivalent to 20 percent of the preceding month's income credited to his or her account each time the balance exceeds $10, until the entire remainder of the filing fee is paid. *Id*. § 1915(b)(2).
>
> . . .
>
> The Fifth Circuit concluded in *Hatchet* that once the prisoner fails to pay the court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials. *Id*. at 654. These steps may include issuing a show-cause order, allowing objections to the magistrate's report, communicating by telephone, fax, or email with officials of the custodial institution, and issuing an order to the custodial institution. *See id*. According to the Fifth Circuit, a prisoner's response containing copies of any relevant consent forms or an affidavit detailing the prisoner's compliance "ordinarily will be sufficient to avoid dismissal for failure to comply with an initial partial filing fee order." *Id*.
>
> We agree with the Fifth Circuit and hold that before dismissing a prisoner's complaint for failure to comply with an IFP order directing the prisoner to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915, the district court must take reasonable steps, such as those outlined by the Fifth Circuit, to determine whether the prisoner complied with the order by authorizing payment by prison officials. *See* Hatchet, 201 F.3d at 654.

*Id*. at 1320-21. The court agrees with the Eleventh Circuit's analysis.

Here, Plaintiff failed to pay the court-assessed initial partial filing fee. (*See* Filing No. 12; Docket Sheet.) Accordingly, Plaintiff shall have until April 23, 2012, to show cause for his failure to pay the full amount of the court-assessed initial partial filing fee. If Plaintiff fails to respond, or show cause, by April 23, 2012, this matter will be dismissed without further notice for failure to comply with this court's orders. If Plaintiff elects to show cause, he shall submit copies of any relevant consent forms or an affidavit showing that any

available portion of the initial fee was withdrawn from his account and transmitted to the clerk of the district court.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Reconsider (Filing No. 12) is granted in accordance with this Memorandum and Order;

2. Plaintiff shall have until **April 23, 2012**, to show cause for his failure to pay the court-assessed initial partial filing fee. If Plaintiff fails to respond by April 23, 2012, or fails to show cause, this matter will be dismissed without further notice for failure to comply with this court's orders;

3. If Plaintiff elects to show cause, he shall submit copies of any relevant consent forms or an affidavit showing that any available portion of the initial fee was withdrawn from his account and transmitted to the clerk of the district court;

4. The Clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution;

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 23, 2012**: deadline to show cause for failure to pay court-assessed initial partial filing fee; and

6. Plaintiff shall keep the court informed of his current address at all times, and all parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED this 2nd day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.