IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY ZIERKE JR., | ) | CASE NO. 4:11CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| KOREY L. REIMAN, Reiman Law Firm, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. On February 7, 2012, the court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 11.) In doing so, and pursuant to 28 U.S.C. § 1915(b)(1), the court ordered Plaintiff to pay an initial partial filing fee of $10.56 by March 6, 2012. (*Id*.) The court calculated this initial partial filing fee using Plaintiff's institutional trust account statement, which showed average deposits of $52.69.[1] Rather than pay the initial partial filing fee, Plaintiff filed a Motion to Reconsider. (Filing No. 12.) In his Motion, Plaintiff stated that he had less than the initial partial filing fee amount in his account and that he could not pay the initial partial filing fee. (*Id*.) He asked the court to permit him to proceed without payment of the initial partial filing fee. (*Id*.)

On April 2, 2012, the court reviewed Plaintiff's Motion to Reconsider and directed Plaintiff to show cause for his failure to pay the full amount of the court-assessed initial partial filing fee by April 23, 2012. (Filing No. 13.) In doing so, the court stated:

---

[1] Pursuant to 28 U.S.C. § 1915(b)(1), a plaintiff must pay an initial partial filing fee in the amount of 20 percent of the **greater** of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.

> If Plaintiff fails to respond, or show cause, by April 23, 2012, this matter will be dismissed without further notice for failure to comply with this court's orders. If Plaintiff elects to show cause, he shall submit copies of any relevant consent forms or an affidavit showing that any available portion of the initial fee was withdrawn from his account and transmitted to the clerk of the district court.

(*Id*. at CM/ECF pp. 2-3.)

On April 13, 2012, Plaintiff filed a Response. (Filing No. 14.) In his Response, Plaintiff states that he directed his institution to deduct $3.82 from his account. (*Id*.) This amount is allegedly the amount of money Plaintiff had in his account when he was directed to pay the $10.56 initial partial filing fee. (*Id*.) Plaintiff also included a copy of a request for withdrawal of personal funds authorizing payment of $3.82 to the "U S COURT HOUSE, CLERK" in Omaha, Nebraska. (*Id*. at CM/ECF p. 3.) However, Plaintiff's request for withdrawal does not include the signature of an approving official at Plaintiff's institution. (*Id*.) Moreover, as of today's date, Plaintiff has not paid any portion of his initial partial filing fee. (*See* Docket Sheet.)

In short, it is unclear from the record whether Plaintiff has fully complied with the court's April 2, 2012, Memorandum and Order. Plaintiff has not provided evidence showing that any portion of the filing fee was withdrawn from his account. Nevertheless, because Plaintiff has directed his institution to withdraw $3.82 for payment of the initial partial filing fee, the court will conduct an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on October 17, 2011, against Korey L. Reiman ("Reiman"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff states he is suing Reiman "exclusively"

2

for "legal malpractice." (*Id*.)  Reiman is a resident of Lincoln, Nebraska. (*Id*.)  At all relevant times, Plaintiff was in the custody of the U.S. Marshal's office in Nebraska, but is now confined in Adelanto, California. (*Id*.; *see also* Docket Sheet.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III.   DISCUSSION OF CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).

Here, Plaintiff does not allege that his citizenship is different from that of Reiman, who resides in Lincoln, Nebraska.  (Filing No. 1.)  Indeed, "[w]ith respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration."   *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977).  Prior to his incarceration, Plaintiff was a resident of Grand Island, Nebraska (*see* case no. 4:08CR3067, Filing No. 3) and the allegations in his Complaint do not rebut the presumption that he remains a citizen of Nebraska.  *See Jones*, 552 F.2d at 251, (stating a prisoner retains his pre-incarceration domicile, which may be rebutted only by a showing of "truly exceptional circumstances" that would justify a finding that the prisoner has acquired a new domicile at the place of his incarceration).  Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as

4

"federal question" jurisdiction. *Nw. S. Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Plaintiff does not set forth any allegations that could be liberally construed to violate a constitutional right or any federal statute. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, Plaintiff does not allege that Reiman deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Rather, Plaintiff asserts claims and seeks relief pursuant to state law, such as claims for legal malpractice. Accordingly, the court lacks subject matter jurisdiction, and the Complaint is dismissed without prejudice.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice for lack of subject matter jurisdiction; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of May, 2012.

                                                               BY THE COURT:

                                                               s/Laurie Smith Camp
                                                               Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.